**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| G AND G CLOSED CIRCUIT EVENTS, LLC, | No.  21-16381 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-07576-WHA |
| v. | MEMORANDUM[*] |
| JESUS SEGURA, DBA La Selva Taqueria, individually, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 10, 2022[**]
Pasadena, California

Before:  McKEOWN and IKUTA, Circuit Judges, and DANIELS,[***] District
Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable George B. Daniels, United States District Judge for the
Southern District of New York, sitting by designation.

G & G Closed Circuit Events (G & G) seeks review of the district court's default judgment against Jesus Segura, which awarded G & G $1,400 in statutory damages and $2,800 in enhanced damages under 47 U.S.C. § 553. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not abuse its discretion in awarding $1,400 in statutory damages under § 553(c)(3)(A)(ii), which permits a court to award statutory damages between $250 and $10,000 "as the court considers just." *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).[1] We reject G & G's argument that the district court erred by conflating an award of actual damages under § 553(c)(3)(A)(i) with an award of statutory damages under § 553(c)(3)(A)(ii). It is not error for a district court to consider estimated actual damages as a factor in determining the amount of statutory damages, so long as the damages award falls within the statutorily authorized range. *See Lake Alice Bar*, 168 F.3d at 350; 47 U.S.C. § 553(c)(3)(A)(ii). G & G's argument that the district court failed to explain its rationale for its damages award is belied by the record.

---

[1] Any error in holding that Segura was liable under 47 U.S.C. § 553 instead of 47 U.S.C. § 605, was harmless because the district court's $1,400 statutory damages award falls within the damages range authorized by both statutes. *See* § 553(c)(3)(A)(ii) (providing for a statutory damages range between $250 and $10,000) and § 605(e)(3)(C)(i)(II) (providing for a statutory damages range between $1,000 and $10,000).

Likewise, the district court did not abuse its discretion in awarding $2,800 in enhanced damages under § 553(c)(3)(B), which provides that a court may increase its statutory damages award "in its discretion" by up to $50,000 if it finds that the defendant's conduct was "committed willfully and for purposes of commercial advantage or private financial gain." 47 U.S.C. § 553(c)(3)(B). Because the court found that Segura's conduct was willful and for commercial advantage or financial gain, its award was constrained only by the $50,000 statutory maximum. *Id.* G & G's argument that Segura's actions necessitate a higher statutory and enhanced damages award is not supported by the statute or precedent. *See id.*; *Lake Alice Bar*, 168 F.3d at 350.

**AFFIRMED.**